JESSICA BARFIELD-McCARREN, SBN 212217
BARFIELD-McCARREN LAW OFFICE
468 N. CAMDEN DR., SUITE 200
BEVERLY HILLS, CA 90210
Tel: (310) 860-5626
Fax: (310) 861-1992
Jessica@LADefenseLaw.com

Attorneys for Plaintiff
Karan J. Russell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| KARAN J. RUSSELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JUNE 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR5 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-BR5, an unknown business entity; BARCLAYS CAPITAL REAL ESTATE dba HOMEQ SERVICING, a Delaware corporation; QUALITY LOAN SERVICE CORPORATION, a California corporation; FIDELITY NATIONAL TITLE CA II, an unknown business entity; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a suspended California corporation; NEW CENTURY MORTGAGE CORPORATION, a California corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: CV09-00885 JFW JTLx<br><br>COMPLAINT FOR:<br><br>(1) TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF<br>(2) VIOLATION OF TRUTH IN LENDING ACT (15 U.S.C. § 1601)<br>(3) VIOLATION OF RESPA (12 U.S.C. §2605)<br>(4) VIOLATION OF CALIFORNIA ROSENTHAL ACT<br>(5) QUIET TITLE<br>(6) WRONGFUL FORECLOSURE<br>(7) ORDER TO SET ASIDE TRUSTEE'S SALE<br>(8) CANCELLATION OF TRUSTEE'S DEED<br>(9) SLANDER OF TITLE<br>(10)  CIVIL CONSPIRACY<br>(11)  UNFAIR BUSINESS PRACTICES (CAL. B&P CODE § 17200)<br>(12)  VIOLATION OF RICO (18 U.S.C. §§1961)<br>(13)  FRAUD<br>(14)  CONSTRUCTIVE TRUST<br><br>DEMAND FOR JURY TRIAL |

1
COMPLAINT

Plaintiff Karan J. Russell (hereinafter "Plaintiff" or "Ms. Russell"), by and through her undersigned counsel, for her Complaint against Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JUNE 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR5 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-BR5, an unknown business entity (hereinafter "Deutsche Bank"); BARCLAYS CAPITAL REAL ESTATE dba HOMEQ SERVICING, a Delaware corporation (hereinafter "HomEq"); QUALITY LOAN SERVICE CORPORATION, a California corporation (hereinafter "QLS"); FIDELITY NATIONAL TITLE CA II, an unknown business entity (hereinafter "Fidelity"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a suspended California corporation (hereinafter "MERS"); NEW CENTURY MORTGAGE CORPORATION, a California corporation (hereinafter "New Century")(collectively hereinafter "Defendants"), pleads as follows:

## JURISDICTION AND VENUE

1. Plaintiff's claims against Defendants include violations of federal statutes commonly known as RESPA, TILA, and RICO, with additional claims under California state law. These claims all arise out of the same controversy and sequence of events.

2. The real property which is the subject of this complaint is located within the County of Los Angeles.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367, 18 U.S.C. §1964(c), and 15 U.S.C. §1640(e).

4. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff Karan J. Russell is, and at all times mentioned herein was, an individual residing in the State of California, County of Los Angeles. She resides at

the real property that is the subject of this Complaint, the location of which is commonly known as 3624 Fairway Boulevard, Los Angeles, California 90043 (hereinafter "the Property").

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendant Deutsche Bank was and is an entity of unknown form doing business in the state of California, and in the business of purchasing and otherwise taking assignment of consumer credit transactions described in the Federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, originated by others.

7. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint Defendant HomEq was and is a Delaware corporation doing business in the state of California and was and is in the business of being a "servicer" of "federally related mortgage loans" as those terms are defined in the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2602(1) and 2605(i)(2). Plaintiff is further informed and believes and thereon alleges that HomEq was and is in the business of the collection of consumer debts, either on behalf of itself or others, and it is therefore under the authority of the California Rosenthal Act ("Rosenthal Act"), Cal. Civil Code sections 1788 *et seq.*

8. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint Defendant QLS was and is a California corporation doing business in the state of California and was and is in the business of being a "servicer" of "federally related mortgage loans" as those terms are defined in RESPA, 12 U.S.C. §§ 2602(1) and 2605(i)(2). Plaintiff is further informed and believes and thereon alleges that QLS was and is in the business of the collection of consumer debts, either on behalf of itself or others, and it is therefore under the authority of the California Rosenthal Act.

9. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint Defendant Fidelity was and is an entity of unknown form

doing business in the state of California, and was and is in the business of providing "settlement services" with respect to "federally related mortgage loans" as those terms are defined in RESPA, 12 U.S.C. §§ 2602(1) and 2602(3). On information and belief, Plaintiff further alleges that Fidelity provides other real estate services that may be regulated by RESPA, TILA, the Rosenthal Act, or other state and/or federal statutes, the specific extent and nature of which are unknown at this time, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this Complaint when ascertained.

10. Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this Complaint, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is and was a Delaware corporation doing business in California.

11. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendant New Century was and is a California corporation, in the business of originating consumer credit transactions described in TILA.

12. Plaintiff is ignorant of the true names and capacities of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named defendants is responsible in some manner for the acts complained of herein.

13. Plaintiff is informed and believes and thereon alleges that Defendants and each of them at all times herein relevant were, and still are, agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

**REQUEST FOR INJUNCTIVE RELIEF**

14. Immediate injunctive relief is warranted in this action because Plaintiff is about to be evicted from her home by the Los Angeles Sheriff's Department at any

time. Defendant Deutsche Bank prevailed at an unlawful detainer proceeding as to the Property, and as a result, a writ of possession issued in favor of Deutsche Bank.[1] Plaintiff expects the five-day "lock-out" notice to be posted at any time. However, Plaintiff contends that the foreclosure sale itself should be set aside, for the reasons set forth in the instant Complaint. If injunctive relief is not immediately granted, Plaintiff may be evicted from her home before the Court has the opportunity to adjudicate the issues raised herein, and she would thus be deprived of any adequate remedy for the wrongs committed by Defendants.

15. Moreover, if Plaintiff were forced to move from her home, it would subject her to the irreparable harm of public humiliation and loss of reputation in the community in which she lives and works. If the eviction proceeds, Plaintiff does not know where she would live and could be out on the street. Given the fact that at every stage of these events, from the loan origination to the foreclosure sale, Defendants have misled Ms. Russell and acted to her detriment, and given the fact that Ms. Russell contends that Deutsche Bank had no right to foreclose on the Property, and thus the unlawful detainer action brought by Deutsche Bank was essentially a fraud upon the court, this additional irreparable harm would represent the very definition of "adding insult to injury".

16. The Property is unique. Therefore, should the requested injunctive relief not be granted, Plaintiff will suffer irreparable injury for which there is no adequate remedy in law when she is forcibly evicted from her home and Deutsche Bank proceeds to sell the Property to a third party, who may then be a bona fide purchaser for value, causing the Property to be lost to Plaintiff forever.

---

[1] The issues raised herein were not considered by the Court in the unlawful detainer proceedings, and are therefore not subject to *res judicata*. Counsel for Deutsche Bank specifically acknowledged this before the Court at the time of trial. Counsel for Ms. Russell did attempt to raise certain issues that are also raised herein in defense of the unlawful detainer, but the Court denied this effort, on the grounds that the available defenses in an unlawful detainer action are strictly limited, and the issues counsel sought to raise should be addressed in a separate suit against Deutsche Bank. The Court also specifically confirmed that because of the summary nature of unlawful detainer actions, the ruling in that action would not have the effect of *res judicata* in a separate lawsuit.

## FACTUAL BACKGROUND

17. This case arises out of a loan and foreclosure related to the Property, of which Plaintiff is the rightful owner.

18. On or about August 10, 2008, Plaintiff purchased the Property, and became the owner of legal title to the Property, using funds acquired through a loan from Defendant New Century. The terms of the loan were memorialized in a promissory note ("the Note"), which was in turn secured by a Deed of Trust on the Property.

19. The Deed of Trust was recorded in Los Angeles County on August 18, 2006 as instrument number 2006-1841082 ("Deed of Trust"). The Deed of Trust identified as beneficiary MERS as nominee for New Century. New Century was identified as the servicer, and Defendant Fidelity was the Trustee. There is no recorded assignment of beneficiary or transfer of beneficial interest under the Deed of Trust since it was recorded on August 18, 2006.

20. Prior to the consummation of the loan, only Ms. Russell was identified as the purchaser, borrower and/or trustor in the transaction documents. On or about August 10, 2006, the documentation begins to show an additional co-borrower, namely Fred Hemphill. Mr. Hemphill never resided in the property and never had a personal relationship with Ms. Russell, rather he was a real estate agent involved in the sale of the Property. Nevertheless, Mr. Hemphill is identified as a "joint tenant" in the final loan documents.

21. Ms. Russell also subsequently discovered that documents purportedly prepared at or about the time of the loan consummation contain signatures purporting to be hers, which she maintains are not hers and which appear to be forgeries. In addition, numbers relating to income and assets of Ms. Russell were apparently changed and falsified, presumably in order to qualify the loan for funding.

22. When the loan was consummated, Plaintiff did not receive required

1  documents and disclosures, including, but not limited to, the Truth-in-Lending
2  Disclosure statement containing required material disclosures and the required number
3  of copies of the Notice of Right to Cancel containing the dated that the rescission
4  period expires. Plaintiff is entitled to damages for violations that occurred at the time
5  of consummation of the loan transaction.

6     23.   On or about January 3, 2008, QLS recorded a Notice of Default on the
7  Property ("Notice of Default"). (A copy of the Notice of Default is attached hereto as
8  Exhibit 1.) In this Notice of Default, QLS claimed that "the undersigned" was the
9  present holder of the beneficial interest under the Deed of Trust. The Notice of
10 Default was signed by Gary Trafford, apparently on behalf of:

11         Quality Loan Service Corp., AS AGENT FOR BENEFICIARY
12         BY: Fidelity National Title CA II

13 (Ex. 1. Capitals in original.) Deutsche Bank is not mentioned, identified, or referred
14 to in the Notice of Default. Moreover, the Notice of Default directed the property
15 owner to contact "Barclays Capital Real Estate, Inc. dba HomEq Servicing, c/o
16 Quality Loan Service Corp." The nature of the relationship between QLS and HomEq
17 is not clear from the documents, and is unknown to Plaintiff at this time, but one or
18 both entities were evidently involved in the servicing of the loan and the foreclosure
19 proceedings in some capacity as of January 3, 2008.

20     24.   Also on or about January 3, 2008, Deutsche Bank executed a Substitution
21 of Trustee, purportedly designating QLS as the Trustee under the Deed of Trust. (A
22 copy of the Substitution of Trustee and Affidavit of Mailing are attached hereto as
23 Exhibit 2.) In this document, Deutsche Bank also identifies itself as the present
24 beneficiary under the Deed of Trust. According to Deutsche Bank's own Affidavit of
25 Mailing, the Substitution was not served until over two months later, on March 19,
26 2008. Moreover, the Substitution was not recorded until April 9, 2008, three months
27 after it was executed, and the same day that the Notice of Trustee's Sale was recorded.
28 The recording of the Substitution of Trustee marks the first and only recorded change