1 | of any of the parties identified in the Deed of Trust.

2 |     25.    On or about April 9, 2008, QLS recorded a Notice of Trustee's Sale,
3 | stating a foreclosure sale date of April 28, 2008. (A copy of the Notice of Trustee's
4 | Sale is attached hereto as Exhibit 3.)

5 |     26.    Following the sale, QLS executed a Trustee's Deed Upon Sale
6 | ("Trustee's Deed"), which stated that Deutsche Bank, as foreclosing beneficiary,
7 | acquired title to the Property as grantee pursuant to the foreclosure sale. (A copy of
8 | the Trustee's Deed is attached hereto as Exhibit 4.) In short, in this deed, Deutsche
9 | Bank purportedly transferred the Property from itself to itself, via a sale conducted by
10 | its own agent, QLS. (This is not necessarily unusual in the foreclosure context, but
11 | given the circumstances of this case and the suspect nature of the relevant loan, it
12 | certainly warrants closer inspection and heightened judicial scrutiny.)

13 |     27.    Deutsche Bank directed QLS to conduct the Trustee's sale of the
14 | Property, ostensibly to collect the unpaid balance on the note secured by the Deed of
15 | Trust. Plaintiff is informed and believes, and thereon alleges, that Deutsche Bank is
16 | not and was not the holder of the Note, nor is it or was it in possession of the Note
17 | properly endorsed to it, nor was it or is it otherwise entitled by law to initiate
18 | foreclosure under the Deed of Trust.

19 |     28.    Plaintiff further alleges on information and belief that Deutsche Bank has
20 | and had no right to initiate foreclosure under the Deed of Trust, nor did it have the
21 | right to direct QLS to foreclose and sell the Property, which was owned by Plaintiff.
22 | Deutsche Bank knew or reasonably should have known that it had no right to
23 | foreclose unless and until it actually had in its possession the original Note properly
24 | endorsed to it.

25 |     29.    Ms. Russell maintains that she never received the Notice of Default.
26 | Moreover, even if the relevant documents are accepted at face value as valid and
27 | accurate, the dates on the documents alone demonstrate that—at a minimum—
28 | Defendants Deutsche Bank, QLS, and/or HomEq violated the notice requirements of

1 California Civil Code section 2934a, subsection (b). As such, the Trustee's Sale is void, even assuming, *arguendo,* that Deutsche Bank did have the right to foreclose upon the property.

30. Plaintiff further alleges on information and belief that Defendants, and each of them, in so acting in this case and with respect to numerous other mortgages or Deed of Trust security instruments engage in a pattern and practice of utilizing the non-judicial foreclosure procedures of California to foreclose on properties when they do not have the right to do so. On information and belief, Plaintiff alleges that Defendants engage in this practice relying on the assumption that the property owners affected generally do not have the legal or financial wherewithal to contest the right of Defendants to foreclose.

31. On information and belief, Plaintiff alleges that New Century regularly approved loans to unqualified borrowers, and implemented practices in this regard ranging from questionable to criminal. Further on information and belief, Plaintiff alleges that New Century's salespeople worked on commission, meaning the more loans they sold, the more bonus money they received. Plaintiff also alleges on information and belief that New Century salespeople received a greater commission or bonus for placing borrowers in loans with relatively higher yield spread premiums, and therefore borrowers were steered and encouraged into loans with terms less favorable than other loans for which the borrowers could actually qualify. New Century ultimately filed for bankruptcy in 2007, and the bankruptcy examiner's report observed that New Century had a brazen obsession with increasing loan originations, without due regard to the risks. New Century's practices have since subjected it and its officers to state and federal criminal investigations.

32. After learning of the foreclosure proceedings, Ms. Russell sent to HomEq a "Qualified Written Request", as that term is defined in RESPA, 12 U.S.C. § 2605(e)(1)(B). HomEq failed to acknowledge receipt of the Qualified Written Request within 20 days, and also failed to respond by providing the information and

explanations requested within 60 days, thus violating RESPA, 12 U.S.C. § 2605(e).

33. On information and belief, Plaintiff alleges in all of the wrongful acts alleged herein, Defendants and each of them have utilized the United States mail, telephones and internet in furtherance of their pattern of conduct to unlawfully collect on negotiable instruments when they were not entitled under the law to do so or, assuming *arguendo* that they were so entitled, to profit from these actions in amounts exceeding their rights under the Note.

34. On information and belief, Plaintiff alleges Defendants, in committing the acts alleged in this Complaint and in other cases, are engaging in a pattern of unlawful activity. In pursuing non-judicial foreclosure, Defendants represented that they had the right to payment under the Note, payment of which was secured by the Deed of Trust. Whereas, in fact, Defendants were not in possession of the Note and they were neither holders of the Note nor non-holders of the Note entitled to payment, as those terms are used in California Commercial Code §§3301 and 3309, and therefore they were proceeding to foreclose without right under the law. Further, Defendants added costs and charges to the payoff amount of the Note that were not justified or proper under the terms of the Note or the law.

35. On information and belief, Plaintiff alleges Defendants misrepresented the facts intending to force Plaintiff to either pay large sums of money to Defendants to which they were not entitled, or to abandon the Property to foreclosure sale, to Defendants' profit.

## FIRST CAUSE OF ACTION

### Violation of Truth in Lending Act-15 U.S.C. §1601 *et seq.*

### (Against Defendants New Century, MERS, Fidelity and HomEq)

36. Plaintiff incorporates here each and every allegation set forth above.

37. The loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

38. New Century, MERS, Fidelity and HomEq are "creditors" as that term is

defined by 15 U.S.C. §1602. The transaction between Plaintiff and these Defendants was a consumer loan transaction wherein the Defendants extended credit to the Plaintiffs and such credit was secured by an interest purportedly held by the Defendants in the Property.

39. As a consumer credit transaction, the Defendants were required to provide to Plaintiff mandatory Truth-in-Lending disclosure statements and notice of the borrower's right to rescind, specifying the date on which the three-day rescission period expires. If the lending institution fails to provide the rescission information, the borrower may rescind the loan within three years after it was consummated. 15 U.S.C. §1635(a) and (f); 12 CFR §226.23(b)(5). If the borrower timely exercises her right to rescind, the security interest giving rise to the right of rescission becomes void. *Ibid.*

40. In the course of the transaction described herein, Defendants violated TILA in numerous ways, including, but not limited to: failing to provide required disclosures prior to consummation of the transaction; failing to make required disclosures clearly and conspicuously in writing; failing to timely deliver to Plaintiff certain notices required by statute; placing terms prohibited by statute into the transaction; and failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

41. Records from the transaction indicate that Defendants extended credit to Plaintiff without regard to her ability to pay, and even falsified relevant income and asset data to get the loan approved. Plaintiff is informed and believes and thereon alleges that Defendants have a pattern and practice of extending credit to consumers under high rate mortgages without regard to the consumers' repayment ability.

42. Because of these violations, Plaintiff has a continuing right to rescind the loan transaction for up to three years after consummation of the transaction. Plaintiff hereby gives notice of rescission by and through this Complaint.

**COMPLAINT**

43. Because of these violations, Defendants are liable to Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. § 1640(a). Plaintiff is also entitled to: rescission of the loan transaction; an order requiring Defendants to take all actions necessary to terminate any security interest in the Property created under the transaction and a declaration by the Court that the security interest is void; expungement of any foreclosure instruments, including but not limited to any Notice of Default or Notice of Trustee's Sale, relating to the transaction from any public record; removal of any derogatory information reported to any credit reporting agency or credit reporting bureau relating to the transaction; the return to Plaintiff of any money given by Plaintiff to anyone, including Defendants, in connection with the loan transaction; statutory damages; costs and reasonable attorney's fees; and such other relief as the Court may deem just and proper.

44. As a result of Defendants' misconduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, which she is entitled to recover. Moreover, Defendants' misconduct was willful, malicious, and outrageous, and therefore punitive damages are warranted and demanded.

45. As a result of Defendants' misconduct, the loan was void and unenforceable as of its inception, and therefore Plaintiff is entitled to rescind the loan agreement and promissory note and does hereby demand rescission.

46. As a result of Defendants' misconduct, Plaintiff is entitled to declaratory and injunctive relief preventing Defendants from taking any action to collect on the loan, and/or to foreclose upon the Property, and/or to transfer the Property.

## SECOND CAUSE OF ACTION

### Violation of RESPA - 12 U.S.C. §2601 *et seq.*

### (Against all Defendants)

47. Plaintiff incorporates here each and every allegation set forth above.

48. The loan transaction between Plaintiff and Defendants is a mortgage loan

covered by RESPA.

49. A violation of RESPA is also made unlawful under California state law by Financial Code section 50505, which states: "Any person who violates any provision of [RESPA] or any regulation promulgated thereunder, violates this division [California Residential Mortgage Lending Act]."

50. Plaintiff is not certain at this time exactly which of Defendants was actually the servicer of the loan at any given time, although she believed that the loan servicer was HomEq at the time of the foreclosure. However, due to the conspiratorial nature of the misdeeds alleged herein, and also due to Defendants' general failure to properly advise Plaintiff as to the roles and identities of the various entities that were purportedly handling her loan at any given time, these allegations are made as to all Defendants.

51. Defendants violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with disclosure requirements.

52. Defendants violated RESPA, 12 U.S.C. §2605(e)(2) by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request not later than 60 days after receipt of the request.

53. Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605.

54. As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit. Plaintiff is entitled to recover statutory damages of $1,000.00, actual damages in an amount to be determined at trial, and costs and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### California Rosenthal Act
### (Against all Defendants)

55. Plaintiff incorporates here each and every allegation set forth above.

56. Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to: foreclosing upon a void security interest; foreclosing upon a note of which they were not in possession nor otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt.

57. Defendants' actions have caused Plaintiff actual damages, including, but not limited to: severe emotional distress, including, but not limited to, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression.

58. As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### Quiet Title

### (Against Defendant Deutsche Bank)

59. Plaintiff incorporates here each and every allegation set forth above.

60. Defendant Deutsche Bank claims an interest adverse to Plaintiff's interest in the Property, in the form of the Deed of Trust recorded pursuant to the loan transaction and the Trustee's Deed recorded pursuant to the foreclosure sale, and Plaintiff is seeking to quiet title against the claims of Defendant Deutsche Bank under such Deed of Trust and Trustee's Deed.

61. Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff as of August 10, 2006, the date on which the loan transaction was consummated.

## FIFTH CAUSE OF ACTION

### Wrongful Foreclosure