1      104.  By reason of the Defendants' violation of 18 U.S.C.A. § 1962, Plaintiff is

2    entitled, pursuant to 18 U.S.C.A. § 1964(c), to threefold the damages sustained, costs

3    of suit, and reasonable attorneys fees.

4                       **TWELFTH CAUSE OF ACTION**

5                     **RICO—18 U.S.C. §§1961 *et seq.***

6                     **(Against all Defendants)**

7      105.  Plaintiff incorporates here each and every allegation set forth above.

8      106.  New Century is an enterprise engaged in and the activities of which

9    affect interstate commerce.

10      107.  Defendants QLS, HomEq, Deutsche Bank, MERS and Fidelity are

11    persons within the meaning of 18 U.S.C. § 1961(3), and as persons associated with

12    Deutsche Bank, conducted and participated, directly and indirectly, in the conduct of

13    the affairs of said enterprise through a pattern of racketeering activity in violation of

14    18 U.S.C.A. § 1962(c).

15      108.  The predicate acts which constitute this pattern of racketeering activity

16    were part of scheme to wrongfully foreclose upon the Property without legal right, and

17    therefore acquire title to the Property through deception and fraud, for the profit of the

18    enterprise, as described herein.  For the purpose of executing this scheme, the

19    Defendants placed in post offices and/or in authorized repositories matter and things

20    to be sent or delivered by the Postal Service, caused matter and things to be delivered

21    by commercial interstate carrier, and received matter and things from the Postal

22    service or commercial interstate carriers, including, but not limited to, default and

23    foreclosure related notices.  These notices were false, misleading, and contrary to law,

24    as described herein; and were deliberately designed to compel Plaintiff either to part

25    with large sums of money or to abandon the Property, for the profit of the enterprise.

26      109.  For the purpose of executing this scheme to defraud Plaintiff and obtain

27    money by means of false pretenses, Defendants also transmitted and received

28    messages by wire, including but not limited to telephone and internet

1  communications.  In such communications, Defendants sought to convince Plaintiff
2  either to part with large sums of money or to abandon the Property, for the profit of
3  the enterprise, asserting the falsehood that Defendants had the right to foreclose upon
4  the security interest in the Property.

5  110.   These acts of racketeering, occurring within ten years of one another,
6  constitute a pattern of racketeering activity within the meaning of 18 U.S.C.A. §
7  1961(5).

8  111.   Plaintiff was injured by reason of this violation of 18 U.S.C. § 1962, in
9  that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has
10 suffered and continues to suffer damages, including but not limited to, monetary
11 damages and emotional distress, in an amount to be proven at trial.

12 112.   By reason of the Defendants' violation of 18 U.S.C.A. § 1962, Plaintiff is
13 entitled, pursuant to 18 U.S.C.A. § 1964(c), to threefold the damages sustained, costs
14 of suit, and reasonable attorneys fees.

15                        **THIRTEENTH CAUSE OF ACTION**
16                        **RICO—18 U.S.C. §§1961 *et seq.***
17                           **(Against all Defendants)**

18 113.   Plaintiff incorporates here each and every allegation set forth above.

19 114.   QLS is an enterprise engaged in and the activities of which affect
20 interstate commerce.

21 115.   Defendants Deutsche Bank, HomEq, New Century, MERS and Fidelity
22 are persons within the meaning of 18 U.S.C. § 1961(3), and as persons associated with
23 Deutsche Bank, conducted and participated, directly and indirectly, in the conduct of
24 the affairs of said enterprise through a pattern of racketeering activity in violation of
25 18 U.S.C.A. § 1962(c).

26 116.   The predicate acts which constitute this pattern of racketeering activity
27 were part of scheme to wrongfully foreclose upon the Property without legal right, and
28 therefore acquire title to the Property through deception and fraud, for the profit of the

1  enterprise, as described herein.  For the purpose of executing this scheme, the
2  Defendants placed in post offices and/or in authorized repositories matter and things
3  to be sent or delivered by the Postal Service, caused matter and things to be delivered
4  by commercial interstate carrier, and received matter and things from the Postal
5  service or commercial interstate carriers, including, but not limited to, default and
6  foreclosure related notices.  These notices were false, misleading, and contrary to law,
7  as described herein; and were deliberately designed to compel Plaintiff either to part
8  with large sums of money or to abandon the Property, for the profit of the enterprise.

9      117.   For the purpose of executing this scheme to defraud Plaintiff and obtain
10  money by means of false pretenses, Defendants also transmitted and received
11  messages by wire, including but not limited to telephone and internet
12  communications.  In such communications, Defendants sought to convince Plaintiff
13  either to part with large sums of money or to abandon the Property, for the profit of
14  the enterprise, asserting the falsehood that Defendants had the right to foreclose upon
15  the security interest in the Property.

16      118.   These acts of racketeering, occurring within ten years of one another,
17  constitute a pattern of racketeering activity within the meaning of 18 U.S.C.A. §
18  1961(5).

19      119.   Plaintiff was injured by reason of this violation of 18 U.S.C. § 1962, in
20  that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has
21  suffered and continues to suffer damages, including but not limited to, monetary
22  damages and emotional distress, in an amount to be proven at trial.

23      120.   By reason of the Defendants' violation of 18 U.S.C.A. § 1962, Plaintiff is
24  entitled, pursuant to 18 U.S.C.A. § 1964(c), to threefold the damages sustained, costs
25  of suit, and reasonable attorneys fees.

26              **FOURTEENTH CAUSE OF ACTION**
27              **RICO—18 U.S.C. §§1961 *et seq.***
28              **(Against all Defendants)**

1    121.  Plaintiff incorporates here each and every allegation set forth above.

2    122.  HomEq is an enterprise engaged in and the activities of which affect

3  interstate commerce.

4    123.  Defendants QLS, Deutsche Bank, New Century, MERS and Fidelity are

5  persons within the meaning of 18 U.S.C. § 1961(3), and as persons associated with

6  Deutsche Bank, conducted and participated, directly and indirectly, in the conduct of

7  the affairs of said enterprise through a pattern of racketeering activity in violation of

8  18 U.S.C.A. § 1962(c).

9    124.  The predicate acts which constitute this pattern of racketeering activity

10  were part of scheme to wrongfully foreclose upon the Property without legal right, and

11  therefore acquire title to the Property through deception and fraud, for the profit of the

12  enterprise, as described herein. For the purpose of executing this scheme, the

13  Defendants placed in post offices and/or in authorized repositories matter and things

14  to be sent or delivered by the Postal Service, caused matter and things to be delivered

15  by commercial interstate carrier, and received matter and things from the Postal

16  service or commercial interstate carriers, including, but not limited to, default and

17  foreclosure related notices. These notices were false, misleading, and contrary to law,

18  as described herein; and were deliberately designed to compel Plaintiff either to part

19  with large sums of money or to abandon the Property, for the profit of the enterprise.

20    125.  For the purpose of executing this scheme to defraud Plaintiff and obtain

21  money by means of false pretenses, Defendants also transmitted and received

22  messages by wire, including but not limited to telephone and internet

23  communications. In such communications, Defendants sought to convince Plaintiff

24  either to part with large sums of money or to abandon the Property, for the profit of

25  the enterprise, asserting the falsehood that Defendants had the right to foreclose upon

26  the security interest in the Property.

27    126.  These acts of racketeering, occurring within ten years of one another,

28  constitute a pattern of racketeering activity within the meaning of 18 U.S.C.A. §

1    1961(5).

2         127.   Plaintiff was injured by reason of this violation of 18 U.S.C. § 1962, in

3    that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has

4    suffered and continues to suffer damages, including but not limited to, monetary

5    damages and emotional distress, in an amount to be proven at trial.

6         128.   By reason of the Defendants' violation of 18 U.S.C.A. § 1962, Plaintiff is

7    entitled, pursuant to 18 U.S.C.A. § 1964(c), to threefold the damages sustained, costs

8    of suit, and reasonable attorneys fees.

9                          **FIFTEENTH CAUSE OF ACTION**

10                        **Imposition of Constructive Trust**

11                          **(Against Defendant Deutsche Bank)**

12        129.   Plaintiff incorporates here each and every allegation set forth above.

13        130.   Since August 2006, Plaintiff has been the rightful owner of legal title to

14   the Property.

15        131.   In contravention of Plaintiff's ownership rights and interests in the

16   Property, Defendant Deutsche Bank purported to obtain legal title to the Property by

17   means of an unjustified and fraudulent non-judicial foreclosure sale.  Deutsche Bank

18   refuses to acknowledge Plaintiff's status as the rightful owner of the Property.

19        132.   Defendant holds whatever interest it claims in the Property in trust for

20   Plaintiff.

21                          **SIXTEENTH CAUSE OF ACTION**

22                                    **Fraud**

23                          **(Against all Defendants)**

24        133.   Plaintiff incorporates here each and every allegation set forth above.

25        134.   As alleged herein, Defendants, and each of them, have made several

26   representations to Plaintiff with regard to important facts.

27        135.   These representations made by Defendants were false.

28        136.   Defendants knew that these representations were false when made, or

1 | these representations were made with reckless disregard for the truth.

2 |     137. Defendants intended that Plaintiff rely on these representations.

3 |     138. Plaintiff reasonably relied on said representations.

4 |     139. As a result of Plaintiff's reliance, she was harmed and suffered damages.

5 | Plaintiff's reliance on Defendants' false representations was a substantial factor in

6 | causing Plaintiff's harm.

7 |     140. Defendants are guilty of malice, fraud or oppression, as defined in

8 | California Civil Code section 3294, and Defendants' actions were malicious and done

9 | willfully, in conscious disregard of the rights and safety of Plaintiff, in that the actions

10 | were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition

11 | to actual damages, punitive damages to punish Defendants and to deter future

12 | misconduct.

13 |     WHEREFORE, Plaintiff prays for judgment and an order against Defendants as

14 | follows:

15 |     A. That judgment be entered in her favor and against Defendants, and each

16 | of them.

17 |     For an order requiring PTI to show cause, if they have any, why they should not

18 | be enjoined as set forth below, during the pendency of this action;

19 |     B. For an order and judgment stating that the Deed of Trust and the Trustees

20 | Deed are adjudged void and of no legal force and effect and shall be cancelled,

21 | stricken, and or rescinded forthwith.

22 |     C. For a temporary restraining order, preliminary and permanent injunction

23 | directing the Los Angeles County Sheriff's Department to refrain from executing any

24 | lockout order with respect to the Property.

25 |     D. For a temporary restraining order, preliminary and permanent injunction

26 | preventing Defendants, or anyone acting under or in concert with them, from

27 | collecting on the subject loan and from causing the Property to be sold or assigned to a

28 | third party.

1        E.    For an order stating that Defendants engaged in unfair business practices.

2        F.    For an order stating that the Deed of Trust, Notice of Default, Notice of

3    Trustee's Sale and Trustee's Deed constitute slander of title to Plaintiff and the

4    Property.

5        G.    For an order and judgment quieting title to the Property.

6        H.    For damages, disgorgement, and injunctive relief under California's

7    common and statutory law of unfair business practices.

8        I.    For compensatory and statutory damages, attorneys' fees and costs

9    according to proof at trial.

10       J.    For exemplary damages in an amount sufficient to punish Defendants'

11   wrongful conduct and deter future misconduct.

12       K.    For such other and further relief as the Court may deem just and proper.

13

14   DATED this 3rd day of February, 2009.

15       Respectfully submitted,

16

17

18   JESSICA BARFIELD-MCCARREN
     Attorney for Plaintiff Karan Russell

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff Karan J. Russell demands trial by jury.

DATED this 3rd day of February, 2009.

Respectfully submitted,

JESSICA BARFIELD-MCCARREN
Attorney for Plaintiff Karan Russell

29
**COMPLAINT**