```
 1  JESSICA BARFIELD-McCARREN, SBN 212217
    BARFIELD-McCARREN LAW OFFICE
 2  468 N. CAMDEN DR., SUITE 200
    BEVERLY HILLS, CA  90210
 3  Tel:  (310) 860-5626
    Fax: (310) 861-1992
 4  Jessica@LADefenseLaw.com

 5  Attorneys for Plaintiff
    Karan J. Russell
 6
 7
 8
 9              UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA
11                    LOS ANGELES DIVISION
```

CV09-00885 JFW JTLx

| | |
|---|---|
| KARAN J. RUSSELL, an individual, | CASE NO.: |
| Plaintiff, | PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF; DECLARATION OF JESSICA BARFIELD-McCARREN |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JUNE 1, 2007 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2007-BR5 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-BR5, an unknown business entity; BARCLAYS CAPITAL REAL ESTATE dba HOMEQ SERVICING, a Delaware corporation; QUALITY LOAN SERVICE CORPORATION, a California corporation; FIDELITY NATIONAL TITLE CA II, an unknown business entity; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a suspended California corporation; NEW CENTURY MORTGAGE CORPORATION, a California corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

1

2       Plaintiff Karan J. Russell, by and through her attorney, moves this court for a
3 temporary restraining order, pursuant to Fed. R. Civ. P. Rule 65(b),
4       (1)   Restraining and enjoining Defendant Deutsche Bank, its agents,
5 employees, successors, attorneys, and all persons in active concert and participation
6 with it or them, from engaging in or performing any act to deprive Plaintiff of her
7 residence in and possession of the real property located at 3624 Fairway Boulevard,
8 Los Angeles, California 90043, including but not limited to instituting or maintaining
9 sale proceedings on the property or from otherwise taking any steps whatsoever to
10 deprive Plaintiff of her residence in and possession of the property or to impair or
11 degrade the value of the property, pending a hearing on the Order to Show Cause re
12 Preliminary Injunction requested herein; and
13       (2)   Ordering the Los Angeles County Sheriff's Department to stay all writ
14 and lockout proceedings with respect to the property described above, and arising out
15 of the prior unlawful detainer action identified as *Deutsche Bank National Trust v.*
16 *Russell,* LASC Case No. SM 08U02006.
17       Unless this application is granted, Plaintiff will suffer immediate and
18 irreparable injury, loss, and damage if she is evicted from her home and the property
19 is sold by Deutsche Bank before a hearing can be had on the Order to Show Cause, as
20 more fully set forth in Plaintiff's complaint, and in the Declaration of Jessica Barfield-
21 McCarren, attached hereto.
22
23       DATED this 3rd day of Febuary, 2009.
24                               Respectfully submitted,
25
26                               JESSICA BARFIELD-MCCARREN
27                               Attorney for Plaintiff Karan Russell
28

**APPLICATION FOR TRO AND PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 5

    A.    Factual Background ..................................................................................... 5

           Quality Loan Service Corp., AS AGENT FOR BENEFICIARY ............. 6

           BY: Fidelity National Title CA II............................................................. 6

    B.    Deutsche Bank Has Established a Pattern of Foreclosing or Attempting to Foreclose on Property without Proof of Its Legal Right to Enforce Security Interests in Said Property .................................. 8

    C.    Deutsche Bank's Role in "the Mortgage Mess" .......................................... 9

II. ARGUMENT ...................................................................................................... 13

    A.    Plaintiff is Likely to Prevail on the Merits of the Case at Trial ............... 13

    B.    Plaintiff Will Suffer Irreparable Harm if Injunctive Relief is Not Granted ...................................................................................................... 14

    C.    The Balance of Hardships Favors Plaintiff ............................................... 15

    D.    Public Interest Favors Granting Injunction .............................................. 16

    E.    No Additional Security Should be Required from Plaintiff .................... 16

III. CONCLUSION .................................................................................................. 17

APPLICATION FOR TRO AND PRELIMINARY INJUNCTION

# TABLE OF AUTHORITIES

**Cases**

*Avila v. Stearns Lending, Inc.*, 2008 WL 1378231 at *3 (C.D. Cal. April 7, 2008).... 15
*Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996) .................................................................................................................. 13
*In re Foreclosure Cases*, Nos.1:07CV2282, et al., Amended General Order, No. 2006-16 .................................................................................................................. 11
*In re Foreclosure Cases*, Nos.1:07CV2282, et al., Amended General Order, No. 2006-16, fn. 3 ........................................................................................................... 12
*Melendrez v. D&I Investment*, 127 Cal.App.4th 1238, 1249, 26 Cal.Rptr.3d 413 (2005) ............................................................................................................. 14
*Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111, at *3 (S.D. Cal. Nov. 21, 2007) ......................................................................................................... 15
*Raich v. Ashcroft*, 352 F.3d 122, 1227 (9th Cir. 2003) ............................................ 13
*Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985) ................................................................................................................ 16
*Wrobel v. S.L. Pope & Assoc.*, 2007 WL 2345036 at *1 (S.D. Cal. June 15, 2007) ... 15

**Statutes**

California Commercial Code section 3301 ................................................................. 7
FRCP 65(c) ............................................................................................................. 16

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Karan J. Russell (hereinafter "Plaintiff" or "Ms. Russell"), by and through her undersigned counsel, submits this points and authorities in support of her Application for Temporary Restraining Order ("TRO") and Preliminary Injunction, set forth in the Complaint in the instant action, filed concurrently herewith.

## I. INTRODUCTION

Defendants Deutsche Bank[1] and Quality Loan Services ("QLS") foreclosed upon Plaintiff's property without legal right, and if Plaintiff is evicted from her property before that issue is adjudicated by this Court, Plaintiff will be left with no adequate remedy at law. Of course, there are many compelling issues raised in Plaintiff's complaint, and several other grounds on which the legal title in Plaintiff's home should be restored to her, but this simple point is the most egregious and compelling basis for the requested temporary restraining order ("TRO") and preliminary and permanent injunction. **Immediate injunctive relief is imperative in this case because without an order from this Court, Deutsche Bank will be permitted to complete its outright theft of Plaintiff's home.** Plaintiff is not unaware that this allegation against Deutsche Bank is harsh and startling, but there is simply no way to put it delicately. The pertinent facts, as alleged in Plaintiff's Complaint filed concurrently herewith, are as follows.

### A. Factual Background

Plaintiff became the owner of legal title to the real property commonly identified as 3624 Fairway Boulevard, Los Angeles, California 90043 ("the Property") on or about August 10, 2006. She acquired the Property via a loan from Defendant New Century Mortgage Corporation ("New Century"). The terms of the loan were memorialized in a promissory note ("the Note"), which was in turn secured by a Deed

---

[1] Defendant Deutsche Bank National Trust Company As Trustee Under Pooling And Servicing Agreement Dated As Of June 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR5 Mortgage Pass-Through Certificates, Series 2007-BR5, referred to herein as "Deutsche Bank"

1  of Trust on the Property.

2      The Deed of Trust was recorded in Los Angeles County on August 18, 2006 as instrument number 2006-1841082 ("Deed of Trust"). The Deed of Trust identified Defendant Mortgage Electronic Registration Systems ("MERS") as nominee for beneficiary New Century. New Century was identified as the servicer, and Defendant Fidelity National Title ("Fidelity") was the Trustee. There is no recorded assignment of beneficiary or transfer of beneficial interest under the Deed of Trust since it was recorded on August 18, 2006.

9      On or about January 3, 2008, QLS recorded a Notice of Default on the Property ("Notice of Default"). (A copy of the Notice of Default is attached hereto as Exhibit 1.) In this Notice of Default, QLS claimed that "the undersigned" was the present holder of the beneficial interest under the Deed of Trust. The Notice of Default was signed by Gary Trafford, apparently on behalf of:

        Quality Loan Service Corp., AS AGENT FOR BENEFICIARY
        BY: Fidelity National Title CA II

16  (Ex. 1. Capitals in original.) Deutsche Bank is not mentioned, identified, or referred to in the Notice of Default.

18      Also on or about January 3, 2008, Deutsche Bank executed a Substitution of Trustee, purportedly designating QLS as the Trustee under the Deed of Trust. (A copy of the Substitution of Trustee and Affidavit of Mailing are attached hereto as Exhibit 2.) In this document, Deutsche Bank identifies itself as the present beneficiary under the Deed of Trust. According to Deutsche Bank's own Affidavit of Mailing, the Substitution was not served until over two months later, on March 19, 2008. Moreover, the Substitution was not recorded until April 9, 2008. The recording of the Substitution of Trustee marks the first and only recorded change of any of the parties identified in the Deed of Trust.

27      On or about April 9, 2008, QLS recorded a Notice of Trustee's Sale, stating a foreclosure sale date of April 28, 2008. (A copy of the Notice of Trustee's Sale is

1 attached hereto as Exhibit 3.)

2 Following the sale, QLS executed a Trustee's Deed Upon Sale ("Trustee's Deed"), which stated that Deutsche Bank, as foreclosing beneficiary, acquired title to the Property as grantee pursuant to the foreclosure sale. (A copy of the Trustee's Deed is attached hereto as Exhibit 4.) The Trustee's Deed sets forth the usual self-serving assertions regarding compliance with notice requirements and sale procedures. Notably, however, the Trustee's Deed is rife with significant errors that raise questions as to the document's authenticity.

On June 26, 2008, Deutsche Bank filed an unlawful detainer action against Plaintiff, which went to trial on November 26, 2008. At trial, Deutsche Bank produced the flawed Trustee's Deed and relied upon that sole document as conclusive evidence of its right to take possession of the Property. The Court overlooked the flaws in the Trustee's Deed, and refused to hear Plaintiff's argument or evidence, including expert witness testimony, regarding Plaintiff's contention that the foreclosure sale was unlawful because Deutsche Bank was not the holder of the Note at any time, nor was it the lawful beneficiary under the Deed of Trust. Judgment was awarded to Deutsche Bank, and a writ of possession issued. Plaintiff expects the sheriff to serve the five-day lockout notice at any time.

The most remarkable feature of this series of events is this: Deutsche Bank has now obtained putative legal title to Plaintiff's Property, and a writ to possession thereof, **all without ever establishing that it was ever a "person entitled to enforce"[2] the security interest under the Note and Deed of Trust.** Plaintiff contends that Deutsche Bank in fact was **not** a person entitled to enforce said interest, and that, accordingly, Deutsche Bank has, in effect, stolen the Property from her.

///

///

---

[2] As defined in California Commercial Code section 3301.

7

APPLICATION FOR TRO AND PRELIMINARY INJUNCTION