II. **ARGUMENT**

The purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction. *Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996). A party seeking a TRO must satisfy the same test that is required for the issuance of a preliminary injunction. *Id.* A party seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65 must show (1) a likelihood of success on the merits, (2) a significant threat of irreparable harm, (3) that the balance of hardships favor the applicant, and (4) whether any public interest favors granting an injunction. *Raich v. Ashcroft*, 352 F.3d 122, 1227 (9th Cir. 2003) (*citing Dollar Rent-a-Car of Wash., Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985)) *vacated and remanded on other grounds* by *Gonzalez v. Raich*, 545 U.S. 1 (2005).

    A.    <u>Plaintiff is Likely to Prevail on the Merits of the Case at Trial</u>

Plaintiff's Complaint seeks several forms of relief, including setting aside the trustee's sale and canceling the Trustee's Deed. One basis for this relief is Plaintiff's contention that Deutsche Bank was not the "person entitled to enforce" the security interest on the Deed of Trust, and therefore the foreclosure was unlawful and the foreclosure sale void as a matter of law. Plaintiff's claims are hardly farfetched or outlandish. In fact, as detailed above, Deutsche Bank has developed a national reputation for undertaking foreclosure proceedings without establishing—*and without being able to establish when challenged*—its right to enforce any security interest on the subject property. Indeed, according to Professor Porter's study, referred to above, there is a 40 % chance that Plaintiff's allegations are correct on statistical probabilities alone, without further investigation or analysis. Moreover, on the facts of <u>this</u> case Plaintiff's expert witness has concluded that, in his professional opinion, Deutsche Bank in fact is **not** the "person entitled to enforce" the interest in the Property which

1 secured the loan made to Plaintiff by New Century.[11]

2 In addition, Plaintiff alleges statutory notice irregularities with the foreclosure sale, TILA violations, RESPA violations and other causes of action, several of which would suffice on their own to warrant voiding and setting aside the sale. For example, in the course of the non-judicial foreclosure proceedings, Deutsche Bank failed to comply with the statutory notice requirements of California Civil Code regarding notifying Plaintiff of the Substitution of Trustee. Civil Code section 2934a, subsection (b) requires that if a substitution is executed (even if not recorded) before or concurrently with the recordation of the notice of default then a copy of the substitution **must** be mailed before or concurrently with the recordation of the notice of default, in the manner provided by Section 2934b. Even assuming, *arguendo*, that Deutsche Bank's own affidavit of mailing is true and accurate, according to that affidavit, QLS served notice of the Substitution of Trustee more than two months after required by statute. Ex. 2.

One purpose of the statutory notice requirements is to protect a trustor from wrongful loss of the property. *Melendrez v. D&I Investment*, 127 Cal.App.4th 1238, 1249, 26 Cal.Rptr.3d 413 (2005). By failing to notify Plaintiff of the Substitution of Trustee, Deutsche Bank and QLS thwarted this purpose and effectively denied Plaintiff's ability to communicate with the proper parties to investigate and address the alleged default. The appropriate remedy for harm caused by failure to comply with the statutory notice requirements to is to void the trustee's sale.

B. <u>Plaintiff Will Suffer Irreparable Harm if Injunctive Relief is Not Granted</u>

Plaintiff is in imminent danger of being evicted from her home, leaving Deutsche Bank free to transfer the Property to a third party, if it can find a buyer in the current housing market. (Even the casual observer of today's housing market knows

---

[11] Plaintiff will submit a sworn declaration by the expert witness to this effect prior to the hearing on Plaintiff's request for a preliminary injunction. The expert witness was also prepared to testify on this point at the unlawful detainer trial, but the testimony was excluded by the commissioner presiding. See Declaration of Jessica Barfield-McCarren, attached hereto.

14
**APPLICATION FOR TRO AND PRELIMINARY INJUNCTION**

that it is far more likely that, if Plaintiff is evicted from her home, the house will sit vacant for months, suffering from neglect and disuse, and eroding local property values and creating a potential nuisance.) Plaintiff's home is unique, and if it is sold to a third party bona fide purchaser, she will not be able to purchase the same home anywhere else, In addition, if Plaintiff is evicted, she would be subject to the irreparable harm of public humiliation and loss of reputation in the community in which she lives and works.

The imminent prospect of being evicted from and permanently losing her home presents a threat of irreparable harm. *See, Avila v. Stearns Lending, Inc.*, 2008 WL 1378231 at *3 (C.D. Cal. April 7, 2008); *Wrobel v. S.L. Pope & Assoc.*, 2007 WL 2345036 at *1 (S.D. Cal. June 15, 2007); *Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111, at *3 (S.D. Cal. Nov. 21, 2007).

C. <u>The Balance of Hardships Favors Plaintiff</u>

The irreparable harm Plaintiff will suffer if she is evicted from her home and if her home is sold to a third party far outweighs any potential harm to Defendants. If injunctive relief is denied, and Plaintiff could have ultimately succeeded on the merits of her claim, Plaintiff will have suffered irreparable harm. On the other hand, if Plaintiff does not succeed on her claim, Deutsche Bank would be free to take possession of the Property and sell it, if possible in the current market. The only potential harm to Deutsche Bank might be financial, and even that is only assuming that Deutsche Bank would be able to find a buyer for the Property before this case goes to trial.

Thus, if the Court grants the requested injunctive relief, and Plaintiff does not prevail at trial, Deutsche Bank will have suffered minimal harm, if any, and certainly no irreparable harm at all. On the other hand, without the requested injunctive relief, Plaintiff is in imminent danger of suffering irreparable harm within days, and if this happens she will be left with no adequate legal remedy for such harm.

D. **Public Interest Favors Granting Injunction**

The public interest will certainly be served by the issuance of injunctive relief in this case. To evict Plaintiff from her home at this time does no one any good, and actually harms the public as a whole.

First, to allow Deutsche Bank to profit by the sale of Plaintiff's home without first determining Deutsche Bank's entitlement to enforce the security interest on the Deed of Trust undermines public interest in preventing foreclosure by persons lacking legal right. The public also has an interest in lenders and their agents complying with statutory requirements governing property sales and foreclosure proceedings. This interest would likewise be thwarted by rewarding Deutsche Bank for its failure to comply with such statutory requirements, as alleged herein and in Plaintiff's Complaint. To allow Plaintiff to be evicted and Deutsche Bank to transfer the property would be a gross injustice and would violate all notions of public policy, as well as frustrating the legislative intent of the governing statutes.

Moreover, as noted previously, Deutsche Bank is unlikely to be able to sell the Property at a reasonable price in the near future. As such, the Property will sit vacant and neglected, causing a potential nuisance and driving down local property values. Obviously it is in the public interest to prevent such a result.

E. **No Additional Security Should be Required from Plaintiff**

Rule 65(c) requires that in order for a restraining order or preliminary injunction to issue, a security must be given by the applicant, in such sum as the court deems proper. FRCP 65(c). At present, Deutsche Bank holds legal title and interest in Plaintiff's residence, which Plaintiff is currently maintaining at no charge to Deutsche Bank, and Plaintiff is willing to pay a reasonable rental value during the pendency of the action. In addition, Plaintiff has a high likelihood of success on the merits, which tips strongly in favor of minimal or no bond at all. *Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985)

Plaintiff requests that the Court find that the interest in the Property, combined

with Plaintiff's maintenance of the Property and offered "rental" payments, constitute sufficient security to meet the requirements of FRCP 65(c), and that no additional security shall be required from Plaintiff.

### III.  CONCLUSION

Plaintiff respectfully submits that she has shown that a TRO, and then a preliminary injunction, should issue because while comparatively great and irreparable harm will certainly come from denying the requested relief, only minimal injury—and speculative injury at best—will inure to Deutsche Bank if the request is granted. Further, Plaintiff respectfully submits that on its face, Plaintiff's case has sufficient merit to warrant a finding that the status quo should be preserved until the controversy can be fully adjudicated.

Plaintiff requests that the Court grant the TRO and then the preliminary injunction to effect the following:

(1) To restrain and enjoin Deutsche Bank, its agents, assigns, employees, officers, attorneys, and representatives, and those in active concert or participation with them, pending trial of this action, from engaging in or performing any act to deprive Plaintiff of her residence in and possession of the real property located at 3624 Fairway Boulevard, Los Angeles, California 90043, including but not limited to instituting or maintaining sale proceedings on the residence or from otherwise taking any steps whatsoever to deprive Plaintiff of her residence in and possession of the Property or to impair or degrade the value of the Property.

(2) To order the Los Angeles County Sheriff's Department to stay all writ and lockout proceedings with respect to the Property, and arising out of the prior unlawful

///
///
///
///

detainer action identified as *Deutsche Bank National Trust v. Russell*, LASC Case No. SM 08U02006, effective immediately and until further notice from this Court.

DATED this 3rd day of February, 2009.

Respectfully submitted,

JESSICA BARFIELD-MCCARREN
Attorney for Plaintiff Karan Russell

**DECLARATION OF JESSICA BARFIELD-MCCARREN**

### DECLARATION OF JESSICA BARFIELD-MCCARREN

I, Jessica Barfield-McCarren, declare and state as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of California and this District Court. I am attorney of record for Plaintiff Karan J. Russell. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would competently testify thereto.

2. On Monday, January 26, 2009 I telephoned the offices of Pite Duncan, counsel of record for Deutsche Bank in the related unlawful detainer action. After providing the case number for that action, I was forwarded to Bill Nguyen. I told him that Ms. Russell intended to file a complaint against Deutsche Bank in Federal Court, and would also be seeking a temporary restraining order. I also informed him that we expected to file an application for said order on Thursday, January 29, 2009.

3. On January 29, 2009, at approximately 8:30 a.m. I again called Mr. Nguyen to let him know that I was not feeling well and would probably not be filing the TRO application on that date. He returned my call at approximately 9:00 a.m. I inquired specifically whether anyone would be appearing at the TRO hearing on behalf of Deutsche Bank. Mr. Nguyen told me that no one would be appearing on behalf of Deutsche Bank on that date or on a later date if the application were postponed. Mr. Nguyen requested that I forward him any notices and/or orders issued following the TRO hearing. I requested permission to send such documents by fax. He agreed and provided his direct fax number for this purpose.

4. On November 26, 2008, I appeared before Commissioner Pamela A. Davis of the California Superior Court, County of Los Angeles, for a trial on the unlawful detainer action titled *Deutsche Bank v. Russell*, LASC Case No. SM 08U02006. I attempted to introduce expert witness testimony from witness Maher Soliman regarding his professional opinion that Deutsche Bank was not in possession of the note secured by Ms. Russell's property, to establish that Deutsche Bank did not have the right to foreclose upon the property. Ms. Russell's position was that

1 | Deutsche Bank could not have acquired valid title at the foreclosure sale, because the
2 | "foreclosing beneficiary" Deutsche Bank, and therefore the Trustee, Quality Loan
3 | Service, did not have any right to transfer the title, and had no interest therein. The
4 | Court declined to hear the witness' testimony or argument on this point.
5 | Commissioner Davis indicated that the summary nature of unlawful detainer
6 | proceedings rendered such a trial an inappropriate forum for such argument, and that
7 | Ms. Russell should file a separate action against Deutsche Bank seeking affirmative
8 | relief on the stated grounds. The court entered judgment for Deutsche Bank, and a
9 | writ of possession issued.

10.     5.     I subsequently filed a Motion for New Trial in the unlawful detainer action, which was heard on December 29, 2008. The motion was also heard by Commissioner Davis, who took the matter under submission. I received the court's ruling denying the motion by mail several days later (the New Year's holiday having fallen right after the hearing).

6.     Prior to the hearing on the motion, the court had ordered a stay on the writ of possession and lockout proceedings by the Los Angeles County Sheriff's Department. This stay was lifted following denial of the motion. As of today's date, the Sheriff's Department has not yet posted a lockout notice at Ms. Russell's home, but it is expected to be posted at any time. Once posted, Ms. Russell will have only five days to vacate her home.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 3, 2009, at Los Angeles, California.

*[signature]*
JESSICA BARFIELD-MCCARREN